ROBISON, *Adm'r.,* v. MULLEN *et al.*

No. 4912.   Opinion Filed June 30, 1913.

*Error from District Court, Carter County;*
*Stilwell H. Russell, Judge.*

Action between Frank Robison, administrator of the estate of Joe F. Robison, deceased, and J. S. Mullen and others. From an order overruling defendants in error's motion to dismiss, upon petition for rehearing same is reconsidered and the appeal dismissed.

*Moore & Bass* and *H. A. Ledbetter,* for plaintiff in error.
*L. S. Dolman* and *Sigler & Howard,* for defendants in error.

KANE, J.   This cause comes on to be heard upon the petition for rehearing, praying the court to review a former order, wherein it overruled a motion to dismiss the foregoing proceeding in error. Upon a re-examination of the record, we are of the opinion that the former order ought to be set aside and that the motion to dismiss ought to be sustained. The grounds upon which the motion to dismiss is based are:

"(1) That this court has no jurisdiction of this case and should dismiss the same for the reason that the case-made was not served within three days from the date of the judgment, and no extension of time to make and serve a case-made was granted within said time, and this case not being one in which a motion for a new trial was necessary, the filing of said motion did not extend said time and because the cause was not filed in the Supreme Court for more than six months after the trial and plaintiff in error does not assign as one of the grounds for reversing said judgment that the court erred in overruling his motion for a new trial.

"(2) Because Wilson H. James, G. W. McMillian and Oscar Wilkerson are not made parties to this proceeding and they were parties in the case in the court below, James appear-

ing as one of the plaintiffs, and McMillian and Oscar Wilkerson appearing as defendants.

"(3) Because the case-made was not served on Steve Sampson, one of the parties made defendant in error and a party below, and he never waived service of said case-made, and because he had no notice of the time and place of signing and settling the case-made, and did not waive same, and was not present when said case-made was signed and settled."

There seems to be an abundance of authority supporting each of the foregoing grounds. The motion to dismiss must, therefore, be sustained.

All the Justices concur.